IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRYAN WHITE, JR., <br>         Plaintiff, <br><br>     v. <br><br> EBERLE & BCI SERVICES, LLC, et al., <br><br>         Defendants. | Civil Action <br> No. 12-2169 (JBS-KMW) <br><br> **OPINION** |

APPEARANCES:

Richard Steven Swartz, Esq.
Justin L. Swidler, Esq.
Manali Arora, Esq.
Swartz Swidler, LLC
1878 Marlton Pike East
Suite 10
Cherry Hill, NJ 08003
    Attorneys for Plaintiff Bryan White, Jr.

Michelle Seldin Silverman, Esq.
Nitin Sharma, Esq.
Morgan Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540
    Attorneys for Defendants Eberle & BCI Services, LLC and Bart Perry

**SIMANDLE**, Chief Judge:

## I. INTRODUCTION

Plaintiff Bryan White, Jr. brought this action against his former employer, Eberle & BCI Services, LLC, ("Eberle") and former supervisor, Bart Perry, seeking damages for claims under the Family and Medical Leave Act ("FMLA") and the New Jersey Family Leave Act ("NJFLA"). The Defendants have filed the present

1

motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., on which this Court heard oral argument on January 15, 2013.

The parties have made the following agreements, as explained to the Court at oral argument on January 15, 2013: Defendants will withdraw, without prejudice, their motion to dismiss Plaintiff's FMLA claims relating to his suspension and termination. Within 45 days of today's date, Defendants will file a motion for summary judgment on the narrow issue of whether Plaintiff worked enough hours in the year before his leave to qualify for FMLA benefits. The parties will conduct limited, expedited discovery regarding the hours Plaintiff worked in the year preceding his leave. Defendants will hold in abeyance, without prejudice, their argument regarding whether Plaintiff sought to take leave for an FMLA-qualifying reason. And Plaintiffs will withdraw, with prejudice, their claims for NJFLA violations in Counts III and IV of the Amended Complaint.

This Opinion addresses two remaining issues: (1) whether the statute of limitations bars Plaintiff's claims for technical FMLA violations relating to Defendants' alleged failure to give Plaintiff eligibility notices regarding his FMLA rights; and (2) whether Plaintiff has alleged plausible FMLA claims against

Defendant Bart Perry.[1] For the reasons explained herein, the Court will deny, without prejudice, Defendants' motion to dismiss under statute of limitations grounds and will grant Defendants' motion to dismiss claims against Defendant Bart Perry, without prejudice to seeking leave to amend to specify a FMLA claim against Perry.

## II. BACKGROUND

### A. Procedural History

Plaintiff filed an Amended Complaint [Docket Item 9][2] after Defendants filed a Motion to Dismiss [Docket Item 6]. Defendants then filed the Motion to Dismiss [Docket Item 10] at issue in the present opinion. Defendants' first Motion to Dismiss [Docket Item 6] will be dismissed as moot.

### B. Factual Background

Defendant Eberle hired Plaintiff in March of 2008 to work as a full-time kitchen aide at Fort Dix Army Base, for which Eberle

---

[1] Plaintiff did not address either of these arguments in his opposition brief. In this circumstance, the Court will consider the arguments that Plaintiff made at oral argument, but it is not obligated to do so. "[A] newly minted argument raised for the first time during oral argument is . . . problematic. . . . [A]rguments raised for the first time at oral argument will be disregarded." Millipore Corp. v. W.L. Gore & Associates, Inc., CIV.A. 11-1453 ES, 2011 WL 5513193, *9 (D.N.J. Nov. 9, 2011).
[2] Plaintiff actually filed three Amended Complaints [Docket Items 7, 8, & 9]. The Court has only considered the most recent Amended Complaint [Docket Item 9].

provides food services. (Am. Compl. ¶¶ 8, 12.) Defendant Perry was Eberle's project manager. (Am. Compl. ¶ 13.)

Plaintiff alleges that he worked approximately 7.5 hours per day and approximately 37.5 hours per week. (Am. Compl. ¶ 15.) Plaintiff had to record all his working hours with a biometric scanner, but the scanner allegedly had problems and recorded fewer hours than Plaintiff actually worked. (Am. Compl. ¶¶ 16-17.) Defendants allegedly maintained additional, separate records of the hours that Plaintiff worked. (Am. Compl. ¶ 17.)

In April of 2010, Plaintiff requested a leave of absence allegedly for the purpose of bonding with his newborn son. (Am. Compl. ¶ 18.) Plaintiff argues that Defendants failed to provide individualized notice of his rights under the FMLA and NJFLA[3] and that, if he had understood his rights, he would have requested a longer leave of absence. (Am. Compl. ¶¶ 19-21.) Plaintiff was approved for a leave of absence, as he requested, from April 8, 2010 to May 8, 2010 and he returned to work on May 8, 2010. (Am. Compl. ¶¶ 21-22.)

In May of 2010, Defendant Perry's secretary told Plaintiff that he must provide a doctor's note clearing him to return to work. (Am. Compl. ¶ 23.) Plaintiff explained that his leave of absence was due to his need to care for his newborn child, not

---

[3] As noted above, Plaintiff has withdrawn his claims under the New Jersey Family Leave Act ("NJFLA").

4

for his own medical condition, but Defendants insisted upon a doctor's note and suspended Plaintiff without pay until he provided one. (Am. Compl. ¶¶ 24-25.) After five days, Defendants told Plaintiff that he could return to work and that a doctor's note was unnecessary. (Am. Compl. ¶ 26.)

Plaintiff returned to work and, on three or four occasions, requested compensation for the five-day, unpaid suspension. (Am. Compl. ¶¶ 27-29.) Plaintiff allegedly complained that he thought the suspension was in retaliation for having taken leave. (Am. Compl. ¶ 29.) Defendants fired Plaintiff on July 20, 2010. (Am. Compl. ¶ 30.) Defendants claimed that Plaintiff was fired for lateness, but Plaintiff argues that he had never been disciplined for lateness. (Am. Compl. ¶¶ 31-32.) Plaintiff alleges that his termination was pretextual, that Defendants wished to prevent him from taking further leave, and that he was terminated for exercising his rights to take leave and complaining about the five-day, unpaid suspension. (Am. Compl. ¶¶ 34-35.)

Plaintiff alleges that Defendant Perry had significant control regarding Plaintiff's FMLA-qualifying leave and in Plaintiff's suspension and termination. (Am. Compl. ¶ 9.)

Plaintiff makes two claims: Count I alleges that Defendants violated the FMLA by interference because they failed to provide Plaintiff with individualized notice of his FMLA rights, failed to provide FMLA-mandated eligibility or designation notices, and

5

suspended and fired Plaintiff to prevent him from taking further leave. Count II alleges that Defendants violated the FMLA by retaliating against Plaintiff through the suspension and termination.[4]

### C. Parties' Arguments

Defendants filed a motion to dismiss [Docket Item 10] arguing that Plaintiff's claims regarding technical FMLA violations are barred by the two-year FMLA statute of limitations and that Plaintiff has not pled facts sufficient to support a claim against Defendant Perry. Plaintiff did not address either of these arguments in his opposition. [Docket Item 11.] At oral argument, Plaintiff argued that his claims for failure to provide a notice of his rights under the FMLA did not accrue until the last date of his leave, when he returned to work. Plaintiff also argued that he had pled sufficient facts about Defendant Perry because there are paragraphs of the Complaint that reference Defendants in plural, thus including Defendant Perry, and because the Complaint references Perry's secretary's actions, which are attributable to Defendant Perry.

### III. STANDARD OF REVIEW

---

[4] Plaintiff has withdrawn Count III, which alleged that Defendants interfered with Plaintiff's rights under the NJFLA, and Count IV, which alleged that Defendants retaliated against Plaintiff in violation of the NJFLA.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that plaintiff has failed to set forth fair notice of the grounds upon which the claim rests that make it plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Additionally, "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir.2008).

## IV. ANALYSIS

### A. Statute of limitations

Defendants argue that Plaintiff's claims regarding technical FMLA violations, such as failure to provide him with a rights notice, are barred by the two-year FMLA statute of limitations. Defendants argue that the claims accrued on the day that Plaintiff's leave commenced, which is, at the latest, April 8,

7

2010.[5] Because Plaintiff filed his first Complaint on April 11, 2012, Defendants argue that the two-year statute of limitations had expired.

The law of this Circuit permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).

Federal regulations mandate that "[w]hen an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances." 29 C.F.R. 825.300(b). Generally, an FMLA claim must be brought "not later than 2 years after the date of the

---

[5] The parties do not agree on the date that the leave began. The Complaint alleges April 8, 2010 and, at this procedural posture, the Court must assume the truth of all the facts alleged in the Complaint.

last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1).[6]

The Court cannot determine, from the face of the Amended Complaint, when Plaintiff's cause of action for technical FMLA violations accrued.[7] The Amended Complaint states that "[i]n or around early April, 2010, Plaintiff requested a leave of absence. . . ." (Am. Compl. ¶ 18.) The Complaint does not provide a specific date, although the request logically must have come before Plaintiff's leave began on April 8, 2010. According to FMLA regulations, Defendants should have provided an FMLA eligibility notice within five business days, absent extenuating circumstances. Even assuming that there were no extenuating circumstances, the Court cannot determine, from the face of the Complaint, when Plaintiff made his request and, therefore, when five business days would have passed. The timeline is particularly significant in this case because Plaintiff filed his initial Complaint [Docket Item 1] on April 11, 2012. If the five business days extended after April 11, 2012, it is quite conceivable that the cause of action accrued upon the last day to give notice, which would make the present complaint timely.

---

[6] If the claim alleges a willful violation of the FMLA, the claim may be brought "within 3 years of the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(2). Plaintiff acknowledged at oral argument that the Complaint does not plead willfulness.

[7] Plaintiff argues that the cause of action for technical FMLA violations, such as failure to provide an eligibility notice, accrues on the date that the leave ends. Plaintiff cited no case law or FMLA regulations in support of this argument, and the Court finds that it lacks merit.

9

The Court will deny Defendant's statute of limitations argument without prejudice. Because the statute of limitations argument rests on a narrow question relating to the date of Plaintiff's request, the parties may conduct limited expedited discovery on this fact, or may stipulate to this fact, and Defendants may raise it in their limited motion for summary judgment, which will be filed within forty-five days, as above.

**B. Claims Against Bart Perry**

The only references to Defendant Perry in the Amended Complaint are allegations that Perry "was Plaintiff's supervisor, and had significant control regarding Plaintiff's FMLA-qualifying leave and in Plaintiff's suspension and then termination" and that Perry "act[ed] as Defendant Eberle's project manager." (Am. Compl. ¶ 9, 13.) Defendants argue that these allegations are insufficient to survive a 12(b)(6) motion to dismiss. Plaintiff did not respond to this argument in his opposition. At oral argument, Plaintiff noted that the Amended Complaint alleges that Perry's secretary told Plaintiff that he must provide a doctor's note to return to work and that Defendants suspended Plaintiff until he provided such a note. Plaintiff argued that these allegations implicate Defendant Perry because his secretary was acting on his behalf and because referencing Defendants in plural automatically includes Defendant Perry.

10

Individual liability is available under the FMLA. Haybarger v. Lawrence County Adult Prob. & Parole, 667 F.3d 408, 414 (3d Cir. 2012). "[A]n individual is subject to FMLA liability when he or she exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest." Id. at 417. In analyzing an individual supervisor's control over the employee under FMLA, most courts look to the "economic reality" of the employment situation, examining whether the individual supervisor carried out the functions of an employer with respect to the employee. Id. at 417. Relevant factors in applying the economic reality test include whether the individual had the power to hire and fire the employee, supervised and controlled the employee's work schedules, determined the rate and method of payment, and maintained employment records. Id. at 418.

Plaintiff's allegations in the Amended Complaint are insufficient to establish a plausible claim for relief against Defendant Perry. Plaintiff has alleged that Perry had "significant control regarding Plaintiff's FMLA-qualifying leave and in Plaintiff's suspension and then termination" and that Perry "act[ed] as Defendant Eberle's project manager." (Am. Compl. ¶ 9, 13.) These limited and conclusory assertions do not satisfy Plaintiff's burden for surviving a motion to dismiss. Defendants' motion to dismiss claims against Defendant Perry will

be granted. Plaintiff's claims against Perry will be dismissed without prejudice because the Court cannot hold, at this time, that amendment would be futile.

**V.   CONCLUSION**

Plaintiff's claims against Defendant Bart Perry will be dismissed without prejudice. Defendants' motion to dismiss Plaintiff's claims regarding Defendants' failure to provide FMLA eligibility notices will be denied without prejudice. Defendants may raise their statute of limitations argument in their motion for summary judgment. Plaintiff's NJFLA claims are dismissed with prejudice. Within forty-five days, Defendants shall file a motion for summary judgment to address whether Plaintiff has worked enough hours to be eligible for FMLA leave, as well as to address the statute of limitations regarding the employer's duty to give notice of certain FMLA rights, if the matter remains in dispute after expedited, limited discovery.

**January 17, 2013**           **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                Chief U.S. District Judge